UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN COHNEN,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK and BELLIO PLUMBING AND HEATING,<br><br>    Defendants. | 19-cv-21910<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Alan Cohnen ("Plaintiff") brings this action against JP Morgan Chase Bank ("Chase") and Bellio Plumbing and Heating ("Bellio," and with Chase, "Defendants"). The matter comes before the Court on Chase's motion to dismiss, ECF No. 5, and Cohnen's motion for default judgment against Bellio, ECF No. 7. For the reasons set forth below, Chase's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** and Plaintiff's motion for default judgment is **DENIED**.

**I.     BACKGROUND**

Plaintiff alleges that he hired Bellio to locate and repair a broken sewer line in June 2019 for $4,000. Compl. ¶¶ 9-10, ECF No. 1. Plaintiff paid Bellio $4,000 using his Chase credit card. *Id.* ¶ 11. Two months later, Plaintiff received a second bill for $10,556.66, less the $4,000 already paid. *Id.* ¶ 12. Plaintiff rejected the invoice and instructed Chase "not to allow any additional charges from Bellio." *Id.* ¶ 14. Chase subsequently notified Plaintiff that Bellio had attempted to charge his card the additional $6,556.66, but Chase had blocked the charge. *Id.* ¶ 15.

After Chase notified Bellio that Plaintiff had disputed the charge, "Bellio submitted a new charge under [the] alias 'IN *BELLIO HEATING AND PL.'" *Id.* ¶¶ 16-17. The charge went through "because Bellio added 'IN *' . . . and thus thwarted Chase's protective measures." *Id.* ¶ 18. Plaintiff disputed the charge and provided information and evidence to Chase. *Id.* ¶¶ 22-30. Despite Plaintiff's submissions purportedly showing the second charge was never authorized, Chase upheld it. *Id.* ¶ 30.

Plaintiff originally brought this action in the Superior Court of New Jersey, Law Division. ECF No. 1. The Complaint includes three counts: consumer fraud (Count One), unjust enrichment (Count Two, against Bellio only), and violations of the Truth in Lending Act (Count Three, against Chase only). Chase removed the case to this Court in December 2019 and moved to dismiss in January 2020. ECF Nos. 1, 5. Bellio never entered an appearance. Plaintiff requested, and received, a clerk's entry of default. ECF No. 6. Plaintiff now moves for a default judgment against Bellio. ECF No. 7.

1

## II.    DEFAULT JUDGMENT

### A.    Default Judgment Is Denied for Lack of Personal Jurisdiction

Before the Court grants a motion for default judgment, it must ensure, *inter alia*, (1) it has personal jurisdiction over the defendant and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Employees Ins. Co. v. Pennsauken Spine & Rehab P.C.*, 17-cv-11727, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Here, the Court cannot conclude it has personal jurisdiction over Bellio. The only statement regarding jurisdiction in the Complaint states that "[j]urisdiction is proper since Plaintiff is a resident of New Jersey." Compl. ¶ 7. That does not confer general jurisdiction over Bellio, which is a Pennsylvania corporation. *Id.* ¶ 6; *see Daimler AG v. Bauman*, 571 U.S. 117, 127-28 (2014) (discussing limits of general jurisdiction over foreign corporation). As to specific jurisdiction, it appears the job was in Pennsylvania. *See* Compl. ¶ 10 (requiring Bellio to call "PA one call-coordinate"). The Complaint does allege the contracts were negotiated and signed from New Jersey, and the credit card is associated with a New Jersey address. Compl. ¶ 8. But once again, this appears to relate to Plaintiff's residency, not Bellios. *See Daimler*, 571 U.S. at 132–33 (2014) (noting courts focus "on the relationship among the defendant, the forum, and the litigation"). The present filings are no help. Plaintiff's brief fails to mention personal jurisdiction whatsoever. *See* Mot., ECF No. 7-3. Accordingly, the Court cannot determine it has personal jurisdiction over Bellio and Plaintiff's motion for default judgment is **DENIED**.

### B.    The Clerk's Entry of Default Is Vacated

Even if the Court concluded it had personal jurisdiction over Bellio, the "entry of default under Rule 55(a) was [not] appropriate." *Pennsauken Spine*, 2018 WL 3727369, at *2. For this alternative reason, the Motion must be **DENIED** and the Clerk's entry of default set aside. *See* FRCP 55(c) (permitting courts to set aside defaults).

Plaintiff's counsel filed a declaration in support of the Motion, declaring:

- "Service of summons and complaint was performed by the [New Jersey State] Court and was mailed out on November 15, 2019,"
- "On November 20, 2019, Bellio was served,"
- "The [State] Court uploaded a proof of service . . . . A true and accurate copy of this is attached hereto as Exhibit B," and
- "The Proof of Service generated by the [State] Court indicates that Bellio signed for and acknowledged service of the Summons and Complaint."

Cohen Decl. ¶¶ 2-5, ECF No. 7-1. The use of passive voice and claim that the *state court* effectuated service is dubious, at best. On review of the purported "proof of service," the attached U.S. postal service receipt shows that the "item was delivered . . . in NEW YORK, NY 10017." *Id.* Ex. B. But Bellio is a Pennsylvania company. Compl. ¶ 6. Further, under "address of receipt" is the notation: "383 Mad [sic]." Given that JP Morgan Chase owns the building located at 383 Madison Avenue, New York, NY, it appears that Plaintiff's Counsel submitted proof of service for *Chase* and declared—under penalty of perjury—"[t]he Proof of Service generated by the Court indicates that *Bellio* signed for and acknowledged service of the Summons and Complaint." Cohen Decl. ¶ 5 (emphasis added).

2

Accordingly, the Court cannot determine when or if service was effectuated on Bellio. Given that fact, it is unclear whether the deadline for Bellio to respond has passed. *See* FRCP 12(a) (providing timelines post completion of service or waiver). Accordingly, the Clerk's entry of default is **VACATED**. *See* FRCP 55.

Plaintiff's Counsel is **ORDERED TO SHOW CAUSE** why he made the above-described *sworn* representations to the *Court*, and why this matter should not be dismissed or another sanction applied. *See* FRCP 4(m); 11(c)(3). Hopefully it was the result of an inadvertent copying error, but the case cannot move forward until the Court determines if and when service was perfected. And if service was never effectuated, why?

### III.   MOTION TO DISMISS

Chase argues the Complaint fails to state a claim for either of the claims against it: violations of New Jersey's Consumer Fraud Act ("CFA," Count One) and the Truth in Lending Act ("TILA," Count Two). In reviewing Chase's motion, the Court accepts Plaintiff's allegations as true and reaches every reasonable inference in Plaintiff's favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016). But the Court does not accept legal conclusions or recitations of elements. *See id.* And because CFA claims sound in fraud, Count One must meet the heightened pleading standard of Rule 9(b). *Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 372-73 (D.N.J. 2015). Accordingly, Plaintiff "must state with particularity the circumstances constituting fraud." FRCP 9(b). But "knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

#### A.   New Jersey Consumer Fraud Act Claim

CFA claims require "unlawful conduct" by the Defendant that caused an ascertainable loss. *See Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 23–24, 647 A.2d 454 (1994). "Unlawful conduct" means the use "of any unconscionable commercial practice, deception, fraud, false pretense, [or] misrepresentation." N.J.S. § 56:8-2.

Here, Plaintiff alleges Chase was tricked into allowing the second charge. Compl. ¶¶ 18-19 (Bellio "thwarted Chase's protective measures."). That is not a CFA violation by Chase. But Plaintiff also alleges that soon after the charge, he submitted conclusive proof that it was not authorized. Compl. ¶¶ 22-29. And he alleges Chase knew the charges were fraudulent. Comp. ¶¶ 39, 49. Nonetheless, Chase concedes it "wrote to [Plaintiff] in October 2019, deeming the charge valid and denying his request for an account credit." Mot. at 5.

Given the documents provided in the investigation, it is plausible that Chase could not have earnestly concluded the charge was authorized. *See* Comp. ¶¶ 25-29. Accordingly, "deeming the charge valid"—despite its known fraudulent nature—is an unconscionable act under the CFA. *See Cox*, 138 N.J. 2, 15 (1994) ( "unconscionability" is "an amorphous concept" implying "lack of good faith, honesty in fact and observance of fair dealing"). The Complaint includes adequate factual detail under FRCP 9(b), including: (1) the date Chase informed Plaintiff it rejected the charge (despite its alleged merit) and (2) details on the underlying transaction, (3) Bellio's conduct, and (4) how Chase knew the charge was unauthorized. *See* Comp. ¶¶ 9-30; *see also Alpizar-Fallas v. Favero*, 908 F.3d 910, 919 (3d Cir. 2018) (requiring "sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." (cleaned up)). While Plaintiff does use the legally-

3

significant term "fraud," the alleged "fraud" clearly references Bellio's conduct, which is described in detail. Accordingly, the motion to dismiss Count One is **DENIED**.

### B. Truth in Lending Act Claim

Chase argues the TILA claim (Count Two) must be dismissed because, *inter alia*, it followed the statutory mandated procedures to investigate a purportedly fraudulent charge. Mot. at 9-13.[1] Plaintiff does not respond to Chase's arguments with respect to Count Two. *See* Opp., ECF No. 10. Accordingly, the motion is **GRANTED** as to Count Two. Dismissal will be **WITH PREJUDICE**, as Plaintiff waived any argument that Chase did not follow the statutory procedure, nor did he propose any amendment that could save the claim.

### C. Unjust Enrichment

Chase also moves to dismiss Plaintiff's unjust enrichment claim (Count Three). Mot. at 14-15. However, that claim is not alleged against Chase. Compl. ¶¶ 2-3, 69. Accordingly, Chase does not have standing to challenge the allegations' sufficiency, and its motion is **DENIED** as to Count Three.

### IV. CONCLUSION

For the reasons set forth above, Chase's motion to dismiss, ECF No. 5, is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion for default judgment, ECF No. 7, is **DENIED**. The clerk's entry of default is **VACATED**. Plaintiff's counsel is **ORDERED TO SHOW CAUSE** why he made the potentially-false statements in his sworn declaration.

Date: April 29, 2020

WILLIAM J. MARTINI, U.S.D.J.

---

[1] Defendant references the Fair Credit Billing Act, which amended relevant portions of TILA. *See Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 433 (3d Cir. 2018).