UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN COHNEN<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK and BELLIO PLUMBING AND HEATING.,<br><br>Defendants. | 19-cv-21910<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Alan Cohnen ("Plaintiff") brings this action against JP Morgan Chase Bank ("Chase") and Bellio Plumbing and Heating ("Bellio," and with Chase, "Defendants"). The matter comes before the Court on Plaintiff's response, ECF No. 16, to two Court Orders, ECF Nos. 13-14. The Court is also in receipt of Chase's responsive letter. ECF No. 18. For the reasons set forth below, Plaintiff's Counsel of Record ("Counsel") **SHALL** be sanctioned and the case **REMANDED** to state court.

I.     BACKGROUND

The facts and procedural history of this case were set forth in the Court's April 29, 2020 Opinion, familiarity with which is assumed. ECF No. 12 ("April Opinion"). As relevant here, the Court denied Plaintiff's motion for default judgment because it was not clear whether Bellio had been effectively served. *Id.* at 2-3. The Court ordered Plaintiff's Counsel to show cause why he submitted a sworn declaration stating that service had been effectuated, when the attached proof of service appeared to reference an address unaffiliated with Bellio.

In addition to denying Plaintiff's motion for default judgment, the April Opinion addressed Chase's motion to dismiss. ECF No. 5. The Court granted the motion in part, dismissing Plaintiff's Truth in Lending Act ("TILA") claim. The Court denied the motion as to Plaintiff's state law claims, only one of which was alleged against Chase in any event. *See* April Opinion at 3-4. Because all federal claims were dismissed and the amount in controversy appears under $75,000, the Court asked the parties to address whether it should retain jurisdiction over the remaining state law claims. Text Order, ECF No. 14.

II.     SERVICE ON BELLIO

In the April Opinion, the Court expressed skepticism in Counsel's sworn representation that the New Jersey state court effectuated service on Bellio, especially because the attached "proof of service" listed a New York City address, while Bellio is a Pennsylvania company. April Opinion at 2. The Court "hope[d] it was the result of an inadvertent copying error, but [noted that] the case cannot move forward until the Court determines if and when service was perfected." *Id.* at 3.

1

In his responsive letter, Plaintiff's Counsel represents that the error was indeed a copying mistake, and "that such error caused no prejudice" because Bellio was actually "served 2 days earlier" than initially represented. Pl. Ltr. at 1, ECF No. 16. In an attached declaration, Counsel explains that service was effectuated on Bellio pursuant to Special Civil Rule 6:2-3(d)(4) of the New Jersey State Superior Court, Special Civil Part. Plaintiff's counsel quotes from the rule: "service by mail pursuant to this rule shall have the same effect as personal service." Decl. ¶ 7, ECF No. 16-1.

Once again, Counsel's declaration is mistaken, at best. The Special Civil Part rule begins: "If the process is to be served *in this State*, or if substituted service of process is to be made *within this state* . . . ." R. 6:2-3(d) (emphasis added). Bellio was served in Kingston, *Pennsylvania*. Decl., Ex. A. Thus, Counsel has again submitted a sworn declaration incorrectly representing that service was effectuated, this time pursuant to an inapplicable rule. Especially worrisome is that Counsel's repeated misrepresentations could have resulted in a default judgment against an ineffectively served party. Unwinding such a judgment would have been costly for the Court and the litigants alike. Even as is, Counsel has repeatedly wasted judicial resources through (at best) his inattention. Accordingly, the Court **SHALL** impose sanctions in the form of a $250 fine levied against Counsel.

### III.    JURISDICTION

"In light of the Courts dismissal of the only federal claim in this suit," the Court ordered the parties to "address whether this Court should exercise supplemental jurisdiction over the remaining claims." Text Order, ECF No. 14 (citing 28 U.S.C. § 1367(c)(3)). Plaintiff asks the Court to decline to exercise supplemental jurisdiction and remand, ECF No. 16, while Chase asks the Court to retain jurisdiction. ECF No. 18.

This Court dismissed the only federal claim in the April Opinion. While the parties appear diverse, the amount in controversy does not reach the threshold of 28 U.S.C. § 1367. Beyond the present default and service issues, this case has barely proceeded. Accordingly, the Court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims and will **REMAND** the matter to the state court. *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless consideration of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."); *see also* 28 U.S.C. § 1367(c)(3).

### IV.    CONCLUSION

For the reasons set forth above, the Court will **SANCTION** Plaintiff's Counsel and the case will be **REMANDED**. An appropriate Order follows.

Date: June 23, 2020

WILLIAM J. MARTINI, U.S.D.J.

2